[787 NYS2d 332]

In the Matter of RUDOLF V. GANZ III (Admitted as RUDOLF VAL-TIN GANZ III), an Attorney, Resignor.

Second Department, December 6, 2004

**APPEARANCES OF COUNSEL**

*Rudolf V. Ganz III*, Rhinebeck, resignor pro se.

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Rudolf V. Ganz III has submitted an affidavit dated July 16, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Ganz was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 15, 1999, under the name Rudolf Valtin Ganz III.

Mr. Ganz avers that his resignation is made voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission, including being barred from seeking reinstatement by Judiciary Law § 90 for at least seven years. He is aware that he is the subject of a sua sponte complaint initiated by the Grievance Committee based upon dishonored check notices which were issued against his attorney trust account.

Mr. Ganz relates that the Grievance Committee's preliminary investigation reveals that he may have been guilty of some infractions of the Code of Professional Responsibility regarding the maintenance of his attorney trust account which, if proven, would result in a disciplinary proceeding against him. It is specifically alleged that Mr. Ganz breached his fiduciary duty, inter alia, by failing to safeguard funds entrusted to him and ensuring that they remain intact. He acknowledges his inability to successfully defend himself on the merits against such charges.

Mr. Ganz is aware that the Appellate Division, in any order permitting him to resign, may require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) (a) may be entered as a civil judgment against him and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee submits that Mr. Ganz's resignation is the most expeditious way to conclude this matter and fully supports its acceptance.

Inasmuch as the proffered resignation complies with all appropriate Court rules, it is accepted and, effective immediately, Rudolf V. Ganz III, admitted as Rudolf Valtin Ganz III, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and SMITH, JJ., concur.

Ordered that the resignation of Rudolf V. Ganz III, admitted as Rudolf Valtin Ganz III, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Rudolf V. Ganz III, admitted as Rudolf Valtin Ganz III, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Rudolf V. Ganz III, admitted as Rudolf Valtin Ganz III, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Rudolf V. Ganz III, admitted as Rudolf Valtin Ganz III, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Rudolf V. Ganz III, admitted as Rudolf Valtin Ganz III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).